**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

JULIE RENEE STUMP,

        Plaintiff,

v.                                                                            No. CV 21-413 CG

KILOLO KIJAKAZI,[1]
Commissioner of the
Social Security Administration,

        Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Plaintiff Julie Renee Stump's *Opposed Motion to Reverse and/or Remand* (the "Motion"), (Doc. 15), filed December 6, 2021; Defendant Commissioner Kilolo Kijakazi's *Response to Plaintiff's Motion to Reverse or Remand* (the "Response"), (Doc. 19), filed March 9, 2022; and Ms. Stump's *Reply in Support of Motion to Reverse and/or Remand* (the "Reply"), (Doc. 20), filed March 23, 2022.

Ms. Stump filed an application for disability insurance benefits on August 6, 2018, alleging disability beginning September 22, 2017. (Administrative Record "AR" 28, 85). In her application, Ms. Stump claimed she was unable to work due to chronic back pain caused by a broken back, arthritis, fatty liver, chronic stomach pain (irritable bowel syndrome), severe heartburn (acid reflux/GERD), asthma, acute macillary sinusitis, and sleep apnea. (AR 85-86). Ms. Stump's application was denied initially on March 20, 2019, and upon reconsideration on November 4, 2019. (AR 28, 98, 115). Ms. Stump

---

[1] Kilolo Kijakazi was appointed Acting Commissioner of the Social Security Administration on July 9, 2021.

requested a hearing before an Administrative Law Judge ("ALJ"), which was held on September 16, 2020, before ALJ Jonathan P. Blucher. (AR 28-43).

At the hearing, Ms. Stump appeared before ALJ Blucher with her then-attorney Michelle Baca and impartial Vocational Expert ("VE") Bruce S. Bloom. (AR 28). ALJ Blucher issued his decision on November 18, 2020, finding Ms. Stump not disabled at any time between the alleged disability onset date and the date of his decision. (AR 43). Ms. Stump then requested review of ALJ Blucher's decision before the Appeals Council, including new evidence in the form of a medical source statement by Heather Dountas, PA-C, and the Appeals Council denied review on April 8, 2021. (AR 1). Ms. Stump now challenges ALJ Blucher's November 18, 2020 decision denying her claim for disability insurance benefits. *See* (Doc. 15).

Ms. Stump, currently represented by Benjamin Decker, argues in her Motion that her case is subject to remand for four reasons: (1) ALJ Blucher failed to consider whether irritable bowel syndrome ("IBS"), and/or GERD are severe impairments and what, if any, impact they have on Ms. Stump's residual functional capacity ("RFC"); (2) ALJ Blucher failed to meaningfully consider the impact of Ms. Stump's severe obesity on her impairments; (3) the Appeals Council should have considered Ms. Dountas's medical source statement; and (4) ALJ Blucher failed to resolve a conflict between VE Bloom's testimony and the Dictionary of Occupational Titles and Selected Characteristics of Occupation ("DOT"). *See* (Doc. 15).

The Court has reviewed the Motion, the Response, the Reply, and the relevant law. Additionally, the Court has meticulously reviewed the administrative record. Because the Appeals Council erred in denying review of Ms. Stump's newly-submitted

evidence, the Court finds Ms. Stump's Motion shall be **GRANTED** and the case shall be **REMANDED** to the Commissioner for further proceedings consistent with this opinion.

I.      **Standard of Review**

The standard of review in a Social Security appeal is whether the Commissioner's final decision is supported by substantial evidence and whether the correct legal standards were applied. *Maes v. Astrue*, 522 F.3d 1093, 1096 (10th Cir. 2008) (citing *Hamilton v. Sec'y of Health & Hum. Servs.*, 961 F.2d 1495, 1497-98 (10th Cir. 1992)). If substantial evidence supports the Commissioner's findings and the correct legal standards were applied, the Commissioner's decision stands and the plaintiff is not entitled to relief. *See Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004); *Hamlin v. Barnhart*, 365 F.3d 1208, 1214 (10th Cir. 2004); *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003). The Commissioner's "failure to apply the correct legal standards, or to show . . . that she has done so, are also grounds for reversal." *Winfrey v. Chater*, 92 F.3d 1017, 1019 (10th Cir. 1996) (citing *Washington v. Shalala*, 37 F.3d 1437, 1439 (10th Cir. 1994)). A court should meticulously review the entire record but should neither re-weigh the evidence nor substitute its judgment for the Commissioner's. *See Langley*, 373 F.3d at 1118; *Hamlin*, 365 F.3d at 1214. A court's review is limited to the Commissioner's final decision. *See* 42 U.S.C. § 405(g) (2018). Therefore, when the Appeals Council denies review, the ALJ's decision becomes the Commissioner's final decision for purposes of judicial review. *Threet v. Barnhart*, 353 F.3d 1185, 1187 (10th Cir. 2003) (citing *O'Dell v. Shalala*, 44 F.3d 855, 858 (10th Cir. 1994)).

"Substantial evidence is such relevant evidence as a reasonable mind might

3

accept as adequate to support a conclusion." *Doyal*, 331 F.3d at 760 (quoting *Fowler v. Bowen*, 876 F.2d 1451, 1453 (10th Cir.1989)) (internal quotation marks omitted). An ALJ's decision "is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Langley*, 373 F.3d at 1118 (quoting *Bernal v. Bowen*, 851 F.2d 297, 299 (10th Cir.1988)) (internal quotation marks omitted). While the Court may not re-weigh the evidence or try the issues *de novo*, its examination of the record must include "anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Grogan v. Barnhart*, 399 F.3d 1257, 1262 (10th Cir. 2005) (citing *Sisco v. United States Dep't of Health and Human Servs.*, 10 F.3d 739, 741 (10th Cir.1993); *Washington*, 37 F.3d at 1439). However, "[t]he possibility of drawing two inconsistent conclusions from the evidence does not prevent [the ALJ]'s findings from being supported by substantial evidence." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quoting *Zoltanski v. F.A.A.*, 372 F.3d 1195, 1200 (10th Cir. 2004)) (internal quotation marks omitted).

## II.     Applicable Law and Sequential Evaluation Process

For purposes of supplemental security income and disability insurance benefits, a claimant establishes a disability when she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 42 U.S.C. 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). In order to determine whether a claimant is disabled, the Commissioner follows a five-step sequential

evaluation process ("SEP"). *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520, 416.920.

At the first four steps of the SEP, the claimant bears the burden of showing (1) she is not engaged in "substantial gainful activity"; (2) she has a "severe medically determinable . . . impairment . . . or a combination of impairments" that has lasted or is expected to last for at least one year; and either (3) her impairment(s) meet or equal one of the "listings" of presumptively disabling impairments found in 20 C.F.R. pt. 404, subpt. P, app. 1.; or (4) she is unable to perform her "past relevant work." 20 C.F.R. §§ 404.1520 (a)(4)(i–iv), 416.920(a)(4)(i-iv); *see also Grogan*, 399 F.3d at 1261. If the ALJ determines the claimant cannot engage in past relevant work, the ALJ will proceed to step five of the evaluation. 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1); *Grogan*, 399 F.3d at 1261. At step five, the Commissioner bears the burden of showing that the claimant is able to perform other work in the national economy, considering the claimant's RFC, age, education, and work experience. *Grogan*, 399 F.3d at 1261.

### III.  Background

In her application, Ms. Stump claimed she was limited in her ability to work due to chronic back pain due to a broken back, arthritis, fatty liver, chronic stomach pain (irritable bowel syndrome), severe heartburn (acid reflux/GERD), asthma, acute macillary sinusitis, and sleep apnea. (AR 85-86). At step one, ALJ Blucher determined Ms. Stump had not engaged in substantial gainful activity since September 22, 2017, the alleged disability onset date. (AR 31). At step two, ALJ Blucher found Ms. Stump had the severe impairments of disorders of the spine, degenerative joint disease of the left shoulder, and obesity. (AR 31).

At step three, ALJ Blucher determined Ms. Stump's impairments, solely or in combination, did not meet or equal one of the listed impairments in 20 C.F.R. §§ 404.1520(d), 404.1525, or 404.1526. (AR 37). ALJ Blucher then found Ms. Stump has the RFC to perform light work, with the following additional restrictions:

> [L]ifting and carrying of 20 pounds occasionally and 10 pounds frequently; standing and walking for 4 hours in an 8-hour workday; sitting for 6 hours in an 8-hour workday; no exposure to unprotected heights or hazards; no climbing of ladders, ropes, or scaffolds; no driving; no climbing of ramps or stairs; stooping, crouching, crawling, or kneeling collectively for 2 hours in an 8-hour workday; no overhead reaching with the non-dominant left arm and only occasionally reaching forward with the non-dominant left arm; otherwise, frequently handling, using, feeling, fingering and reaching; and no exposure to very heavy pollutants.

(AR 37-38). In formulating Ms. Stump's RFC, ALJ Blucher stated he considered her symptoms and the extent to which those symptoms could reasonably be accepted as consistent with objective medical and other evidence, as required by 20 C.F.R. § 404.1529 and Social Security Ruling ("SSR") 16-3p. (AR 38). ALJ Blucher stated he also considered opinion evidence, consistent with the requirements of 20 C.F.R. § 404.1520(c).[2] (AR 38). He concluded that while Ms. Stump's impairments could be expected to cause her alleged symptoms, the intensity, persistence, and limiting effects Ms. Stump described were not entirely consistent with the evidence in the record. (AR 40).

In evaluating the evidence, ALJ Blucher found the opinions of state agency physicians Mark Werner, M.D., and Herbert Meites, M.D., to be persuasive, as he found

---

[2] The agency issued new regulations regarding the evaluation of medical source opinions for claims filed on or after March 27, 2017. *See* "Revisions to Rules Regarding the Evaluation of Medical Evidence," 82 Fed. Reg. 5844-01, 2017 WL 168819 (Jan. 18, 2017); *compare* 20 C.F.R. § 404.1527 ("Evaluating opinion evidence for claims filed before March 27, 2017"), *with* 20 C.F.R. § 404.1520(c) ("How we consider and articulate medical opinions and prior administrative medical findings for claims filed on or after March 27, 2017"). Because Ms. Stump filed her claim on August 6, 2018, the later regulations apply to this matter.

they were "balanced, objective," and "most consistent with the longitudinal review of the evidence of record." (AR 41). ALJ Blucher also found persuasive the opinions of state agency psychologists Richard Sorenson, Ph.D., and James Sturgis, Ph.D., for the same reasons. (AR 41). ALJ Blucher also found the opinion of consultative internal medicine examiner Raul Young-Rodriguez, M.D., to be persuasive, as ALJ Blucher found Ms. Stump had moderate limitation of activity involving the left shoulder and other moderate limitations. (AR 41).

ALJ Blucher found the opinion of attending physician Gehron Treme, M.D., that Ms. Stump was "cleared for full return to activity with her left shoulder," unpersuasive as it was "inconsistent with the totality of the record, which shows [Ms. Stump] had limitation in active range of motion with the left shoulder." (AR 41).

At step four, ALJ Blucher found Ms. Stump is capable of performing her past relevant work as a gambling monitor and casino manager. (AR 41). ALJ Blucher nonetheless proceeded to step five, finding that on March 31, 2019, Ms. Stump's date last insured, she was a "younger individual," but has since changed age category to "closely approaching advanced age." (AR 41). He further found that Ms. Stump has at least a high school education. (AR 41). ALJ Blucher found that considering VE Bloom's testimony and Ms. Stump's age, education, work experience, and assessed RFC, Ms. Stump could also perform other work as a cashier, furniture rental consultant, and inspector hand packager. (AR 42). After finding Ms. Stump was able to perform work existing in significant numbers in the national economy, including her past work, ALJ Blucher concluded she was "not disabled" as defined by § 20 C.F.R. § 404.1520(g). (AR 43).

## IV.     Analysis

In her Motion, Ms. Stump presents four arguments regarding error. *See* (Doc. 15 at 24-27). First, she contends that ALJ Blucher failed to consider whether either her IBS or her GERD were severe impairments, and what, if any, impact they have on her RFC. *Id.* at 24. The Commissioner, in turn, argues that ALJ Blucher adequately considered Ms. Stump's non-severe impairments. (Doc. 19 at 11). In particular, she notes that ALJ Blucher "acknowledged [Ms. Stump's] IBS at step two and later in the discussion of the evidence, and there was no medical evidence of functional limitations stemming from this impairment or GERD that should have been incorporated into the RFC." *Id.*

Second, Ms. Stump alleges that ALJ Blucher failed to meaningfully consider the impact of her severe obesity on her impairments. (Doc. 15 at 25). The Commissioner maintains that there was no error, as ALJ Blucher stated he "fully considered obesity in the context of the overall record" in making his RFC finding, and further, here "there is no medical evidence ascribing a particular physical limitation to obesity . . . and [Ms. Stump] has not pointed to any limitation imposed by her obesity alone." (Doc. 19 at 12-13).

Third, Ms. Stump contends that there is reversible error because the Appeals Council should have considered Ms. Dountas's medical source statement, as it is new, temporally relevant evidence that could have changed the outcome of the case. (Doc. 15 at 26). The Commissioner argues that this was not error, as Ms. Dountas's medical source statement was "inherently neither valuable nor persuasive," and did not have a reasonable probability of changing the outcome, as it "post-dated the relevant period by 21 months," and was inconsistent with Ms. Dountas's own treatment notes in the record.

(Doc. 19 at 16-17).

Finally, Ms. Stump argues that ALJ Blucher failed to resolve a conflict between VE Bloom's testimony and the DOT, in that he testified that Ms. Stump's past relevant work can be performed by someone limited to standing four hours in an eight-hour workday, even though "one must be capable of standing and walking 6 hours in an 8 hour work day to perform light work." (Doc. 15 at 26-27). The Commissioner contends that there was no step four error requiring remand, and that even if there were, ALJ Blucher made alternative step five findings that Ms. Stump has not challenged. (Doc. 19 at 17). Namely, ALJ Blucher determined Ms. Stump could also perform "at least three other representative jobs in the national economy" which exist in significant numbers, and because Ms. Stump did not challenge these findings, any error is harmless. *Id.* at 19.

**A. The Appeals Council's Refusal to Consider Ms. Dountas's Opinion**

Ms. Stump argues that the Appeals Council should have considered Ms. Dountas's medical source statement, as it is new, material, and chronologically pertinent evidence that, if properly considered, could have changed the outcome of the case. (Doc. 15 at 25-26). She contends that because Ms. Dountas opined that Ms. Stump is "far more restricted" than ALJ Blucher's assessed RFC, therefore, "had said opinions been adopted by the Appeals Council, [Ms. Stump] would have been found disabled." *Id.* at 25. Ms. Stump maintains that the Appeals Council should have considered Ms. Dountas's opinion because Ms. Dountas treated Ms. Stump regularly prior to her date last insured, her opinion is explicitly applicable to the relevant period, and her opinion was not available at the time of the hearing. (Doc. 20 at 1); (Doc. 15 at

26). Ms. Stump also argues that "evidence submitted to the Appeals Council in the first instance that it refuses to consider[] does not become part of the record and is not subject to substantial evidence review." (Doc. 20 at 2).

The Commissioner argues that ALJ Blucher's decision, even taking into account Ms. Dountas's opinion, is "supported by substantial evidence" and should therefore be affirmed. (Doc. 19 at 2). Specifically, the Commissioner contends that because Ms. Dountas's treatment records were already in the record and "are entirely inconsistent with her late[-]authored opinion," her opinion does not "overwhelmingly contradict" the substantial evidence supporting ALJ Blucher's decision, and ALJ Blucher's decision thus remains supported by substantial evidence. *Id.* at 16. The Commissioner argues that the Appeals Council's decision not to consider Ms. Dountas's medical source statement was therefore not error, because the opinion was authored 21 months after the relevant period, and because the decision to deny Ms. Stump benefits is supported by substantial evidence even taking into account Ms. Dountas's statement. (Doc. 19 at 15-17).

*1. Ms. Stump's Post-Hearing Submission of Ms. Dountas's Opinion*

Ms. Stump requested review by the Appeals Council on January 18, 2021, and in her request she included for the first time a medical source statement from Ms. Dountas dated December 17, 2020. (AR 181). This medical source statement was authored a year and a half after the relevant period of disability, three months after the hearing before ALJ Blucher, and a month after ALJ Blucher's decision. In the statement, Ms. Dountas opined that Ms. Stump's prognosis is fair, but that she experiences "[d]iffuse wide[]spread body pain" that worsens with increased physical action. (AR 13). Ms.

10

Dountas stated that Ms. Stump also experiences fatigue, drowsiness, poor stamina, and poor concentration. (AR 13). Ms. Dountas wrote that Ms. Stump is not a "malingerer," and that Ms. Stump's depression and anxiety contribute to the severity of her symptoms and functional limitations. (AR 14). Notably, Ms. Dountas opined that Ms. Stump's experience of pain or other symptoms is severe enough to "constantly" interfere with the attention and concentration needed to perform even simple work tasks. (AR 14).

Ms. Dountas stated that Ms. Stump is "[c]apable of low[-]stress jobs," but also stated that she can only sit for 20 minutes at a time and can only stand for 30 minutes at a time. (AR 14). She indicated that Ms. Stump can "sit and stand/walk" for a total of "less than 2 hours," and that Ms. Stump "must" walk for five minutes every 20 to 30 minutes. (AR 15). Ms. Dountas also opined that Ms. Stump "need[s] a job that permits shifting positions at will from sitting, standing or walking." (AR 15) (emphasis omitted). She stated that Ms. Stump will need to take 5 to 10 minute breaks every 20 to 30 minutes during an 8-hour working day, and that she will likely be absent from work "[a]bout four days per month" as a result of her "impairments or treatment." (AR 15-16).

On February 5, 2021, the Appeals Council sent Ms. Stump's attorney a letter informing her that she had 25 days to submit additional evidence, which her attorney declined to do. (AR 8). On April 8, 2021, the Appeals Council denied Ms. Stump's request to review ALJ Blucher's decision. (AR 1). Specifically, the Appeals Council refused to consider Ms. Dountas's December 17, 2020 medical source statement because it "does not show a reasonable probability that it would change the outcome of the decision." (AR 2).

> *2. Whether Ms. Dountas's Opinion Qualified for Consideration by the Appeals Council*

Whether evidence qualifies for consideration by the Appeals Council is a question of law subject to *de novo* review. *Threet*, 353 F.3d at 1191. The Appeals Council "will review a case if . . . it receives additional evidence that is new, material, and relates to the period on or before the date of the hearing decision, and there is a reasonable probability the evidence would change the outcome of the decision." 20 C.F.R. § 404.970 (a)(5) (2017); *see also Bisbee v. Berryhill*, 1:18-cv-0731 SMV, 2019 WL 1129459, at *3 n.5 (D.N.M. Mar. 12, 2019) (claimant's burden to prove materiality "now . . . requires a reasonable probability of changing the outcome"). Additionally, the Appeals Council requires claimants to provide good cause for why the additional evidence was not submitted earlier or why notification of the evidence's existence was not provided five days prior to the hearing, as required by regulation. 20 C.F.R. § 404.970(b).

If a court determines the additional evidence is new, material, and chronologically pertinent and the Appeals Council considered it, that additional evidence becomes part of the record in evaluating the Commissioner's denial of benefits under the substantial-evidence standard. *Chambers v. Barnhart*, 389 F.3d 1139, 1142 (10th Cir. 2004). If the additional evidence qualified for consideration but the Appeals Council failed to consider it, the case should be remanded to allow the Appeals Council to reevaluate the ALJ's decision in light of the additional evidence. *Id.*

> *a. Whether the Appeals Council "Considered" Ms. Dountas's Opinion*

As an initial matter, the Court must determine whether the Appeals Council

considered Ms. Dountas's opinion before it can determine whether to apply the substantial evidence standard or the *de novo* standard to the evidence. *See Chambers*, 389 F.3d at 1142 (applying substantial evidence review where Appeals Council considers evidence); *see also Krauser v. Astrue*, 638 F.3d 1324, 1328 (10th Cir. 2011) (applying *de novo* review where Appeals Council rejects evidence and remanding if rejection was erroneous).

In its decision denying review of Ms. Stump's appeal, the Appeals Council stated that it considered "the reasons [Ms. Stump] disagree[d] with [ALJ Blucher's] decision," but rejected Ms. Dountas's opinion because it did "not show a reasonable probability that it would change the outcome of the decision." (AR 2-3). In other words, the Appeals Council found the new evidence was not material and thus did not qualify for Appeals Council review. (AR 2-3).

The Court is unpersuaded by the Commissioner's argument that it should follow *Vallejo v. Berryhill*, 849 F.3d 951 (10th Cir. 2017), and nevertheless apply substantial evidence review here. *See* (Doc. 19 at 16) (stating that that "when the Appeals Council denies review, the Court considers the entire agency record—including the newly submitted evidence—in reviewing the ALJ's decision for substantial evidence"). In *Vallejo,* the Appeals Council denied review but in doing so it stated that it had "considered" the newly-submitted opinion evidence and found the evidence did not "provide a basis for changing [the ALJ's] decision." *Vallejo*, 849 F.3d at 953. Here, however, the Appeals Council denied review and did *not* consider Ms. Dountas's opinion. *See* (AR 1-2).

Contrary to the Commissioner's contention, therefore, Ms. Dountas's opinion is

not subject to substantial evidence review. *Krauser*, 638 F.3d at1328; *Vallejo*, 849 F.3d at 954 ("When a claimant submits new evidence to the Appeals Council and the Council *accepts that evidence*, it becomes part of the administrative record for the district court to consider in performing its substantial-evidence review.") (emphasis added). Rather, the Court must consider *de novo* the question of whether the Appeals Council should have considered Ms. Dountas's opinion. *Threet,* 353 F.3d at 1191; *Krauser*, 638 at 1328.

### b. Whether Ms. Dountas's Opinion is "New" Evidence

Turning to the first requirement for consideration by the Appeals Council—that the additional evidence be new—Ms. Stump argues Ms. Dountas's December 17, 2020 opinion qualifies because it was not in existence prior to the September 16, 2020 hearing. (Doc. 15 at 26). Ms. Stump contends the evidence is not duplicative or cumulative. *Id.* The Commissioner notes that Ms. Dountas's treatment records were already in the record, but does not otherwise address this argument. (Doc. 19 at 16).

Evidence submitted to the Appeals Council is considered new "if it is not duplicative or cumulative" of other evidence in the record. *Threet*, 353 F.3d at 1191 (citation omitted). Here, Ms. Dountas's medical source statement is the only treating source opinion in the record, and it was created after the hearing. *See* (AR 17, 41, 43). While her treatment notes *were* already in the record, the Commissioner herself admits that the two are not the same, stating that Ms. Dountas's notes "are entirely inconsistent with her late[-]authored opinion." (Doc. 19 at 16). Additionally, Ms. Dountas's opinion is "far more limiting" as to Ms. Stump's abilities than is ALJ Blucher's assessed RFC, which took into account the less-restrictive opinions of the state agency consultants.

(Doc. 15 at 26); *see* (AR 13-17). As a result, her opinion is neither duplicative nor cumulative. Accordingly, after reviewing the record, the Court agrees with Ms. Stump that Ms. Dountas's opinion was neither duplicative nor cumulative when presented to the Appeals Council, and thus qualifies as new.

### c. Whether Ms. Dountas's Opinion is "Material" Evidence

Second, Ms. Stump argues Ms. Dountas's opinion is material because it "could have changed the outcome to a reasonable probability." (Doc. 15 at 26). Ms. Stump notes that Ms. Dountas is her treating provider, and Ms. Dountas "opines to limitations that are far more limiting than the RFC," to such an extent that her opinions on Ms. Stump's "missing work, being off task, and [her] need for breaks are work preclusive." *Id.* Ms. Stump also contends that Ms. Dountas's opinion is material because ALJ Blucher specifically noted in his decision that "one of the primary reasons [he was] persuaded by the state agency consultant opinions" is that "[t]here [were] no contrary opinions from treating sources." *Id.*; *see* (AR 41).

The Commissioner, in turn, argues that Ms. Dountas's opinion is not material because "it post-dated the relevant period by 21 months, and there was already ample evidence in the record from the relevant period for [ALJ Blucher] to rely upon." (Doc. 19 at 16). The Commissioner also maintains the opinion is not material because Ms. Stump's attorney told ALJ Blucher at the hearing that the record was complete, and only obtained the opinion "after [ALJ Blucher] stated in the decision that he found the conclusions of [the state agency consultants] persuasive in part because there were 'no contrary opinions from treating sources.'" *Id.* at 15. The Commissioner therefore contends that the Appeals Council was correct in its determination that Ms. Dountas's

15

opinion did not show a reasonable probability that it would change the outcome of ALJ Blucher's decision. *Id.* at 15; *see* (AR 2).

Under the prior regulations, evidence was considered material "if there [was] a reasonable *possibility* that it would have changed the outcome." *Threet*, 353 F.3d at 1191 (emphasis added) (brackets and quotation omitted). Under the current regulations, a claimant must show "there is a reasonable *probability* that the additional evidence would change the outcome of the decision." 20 C.F.R. § 404.970(a)(5) (emphasis added). While the "reasonable probability" requirement is presented in the new regulations as a separate element, courts have historically construed this clause to serve as a requirement for proving materiality. *Compare* 20 C.F.R. § 416.1470(a)(5) (2017) *with Threet*, 353 F.3d at 1191. In this District, the change has thus been interpreted to "heighten[] the claimant's burden to prove materiality[.]" *Bisbee*, 2019 WL 1129459, at *3 n.5.

At the hearing, Ms. Stump testified that she experiences "constant . . . sharp, shooting pain" as well as "muscle spasms," and that that "[e]verything hurts." (AR 68, 71). As to her IBS, she stated that her stomach is "always upset," and that she's "constantly in the bathroom." (AR 74). On the day of the hearing, she stated she was "in the bathroom four times [that] morning," and also testified that she does not always have a warning, resulting in her soiling herself the day before the hearing. (AR 74-75).

Ms. Dountas's opinion corroborates Ms. Stump's hearing testimony, stating that her symptoms are severe enough to "constantly" interfere with the attention and concentration needed to perform even simple work tasks. (AR 14). Ms. Dountas opined that Ms. Stump experiences fatigue, drowsiness, and poor stamina, and that she "must"

16

walk for five minutes every 20-30 minutes. (AR 13, 15). Ms. Dountas also indicated that Ms. Stump needs to take 5 to 10 minute breaks every 20 to 30 minutes, and that she is likely to be absent "[a]bout four days per month." (AR 15-16).

At the hearing, VE Bloom testified that if an individual needed frequent unscheduled breaks during the workday, or missed two or more days of work a month on a regular basis, that individual would be unable to work. (AR 80). When discussing opinion evidence in his decision, ALJ Blucher specifically noted that he found persuasive the opinions of the state agency consultants, in part because "[t]here are no contrary opinions from treating sources[.]" (AR 41).

Given VE Bloom's testimony, as well as ALJ Blucher's assessment of the evidence, the Court notes that ALJ Blucher's adoption of the additional restrictions assessed by Ms. Dountas may have resulted in a finding of disability. *See* (AR 80); SSR 96-8p (defining fulltime work as an ability to work on a continuing and regular basis eight hours per day, five days per week); *see also Wilson v. Kijakazi*, 2:20-cv-1066 CG, 2021 WL 4355584, at *9 (D.N.M. Sept. 24, 2021) (claimant's "capacity for attendance is part of her RFC . . . . The extent to which [a claimant] can work, and the ultimate question of disability, must be determined in light of that restriction"). Accordingly, after reviewing the record, the Court finds that Ms. Dountas's opinion would have a reasonable probability of changing the outcome of ALJ Blucher's decision, and thus, the opinion qualifies as material.

### d. Whether Ms. Dountas's Opinion is "Chronologically Pertinent" Evidence

Finally, Ms. Stump argues Ms. Dountas's opinion is chronologically pertinent because "she regularly treated [Ms. Stump] since 2003 and states that the limitations

17

contained therein began on or about 09/22/2017," which is the alleged onset date. (Doc. 15 at 26). The Commissioner argues that Ms. Dountas's medical source statement is not chronologically pertinent because it was "only obtained after [ALJ Blucher's] November 2020 decision, and post-dated the relevant period by 21 months." (Doc. 19 at 14).

Pursuant to Social Security regulations, the Appeals Council requires additional evidence to "relate[] to the period on or before the date of the hearing decision." 20 C.F.R. § 404.970(a)(5). The Tenth Circuit has found that newly-submitted evidence is chronologically pertinent if it corroborates a prior diagnosis or a claimant's hearing testimony, and that the evidence need not pre-date the ALJ's decision. *Padilla v. Colvin*, 525 F. App'x 710, 713 (10th Cir. 2013). As such, the additional evidence does not need to include a retrospective opinion about the claimant's limitations prior to the ALJ's opinion. *Id.* On the other hand, the Appeals Council is not required to consider additional evidence that is related to a possible impairment the claimant had not complained of and was not introduced at the hearing. *See Chambers*, 389 F.3d at 1144. Further, even if the additional evidence is new, material, and chronologically pertinent, it will not be reviewed if the claimant did not provide "good cause" for failing to submit the evidence earlier or notifying the ALJ of the evidence's existence five days prior to the hearing, as required by regulation. 20 C.F.R. § 404.970(a)(5).

Here, Ms. Dountas's opinion is dated after ALJ Blucher's decision. *See* (AR 17). However, the opinion relates back to the period at issue, as it explicitly applies to Ms. Stump's limitations as of "[o]n or about 09/22/2017." (AR 17). Furthermore, Ms. Dountas's opinion corroborates Ms. Stump's hearing testimony that she experiences

18

constant pain and that she requires frequent unscheduled breaks. (AR 15-16, 68, 74). The fact that Ms. Dountas's opinion was authored after the hearing does not render the opinion irrelevant. *See*, *e.g.*, *Gonzales v. Saul*, 1:19-554 CG, 2020 WL 1288469 (D.N.M. Mar. 18, 2020) (finding opinion postdating ALJ decision to be chronologically pertinent); *see also* 20 C.F.R. § 404.970(a)(5) (defining evidence as chronologically relevant when it "relates to the period on or before the date of the hearing decision").

In the Appeals Council's letter denying review, it made no mention of Ms. Dountas's opinion not being chronologically pertinent. (AR 1-2). As a result, the Commissioner's argument regarding chronological pertinence is an impermissible post-hoc rationalization. *See Carpenter v. Astrue*, 537 F.3d 1264, 1267 (10th Cir. 2008) (the Court will not make a post hoc effort to "salvage [an] ALJ's decision") (citation omitted); *Emmons v. Saul*, No. CV 19-0102 KBM, 2020 WL 376708, at *5 (D.N.M. Jan. 23, 2020) (unpublished) (denying the Commissioner's post-hoc good cause argument where it was not the reason actually offered by the Appeals Council for denial of review). Additionally, neither the Commissioner nor the Appeals Council contests that Ms. Stump had good cause to submit the evidence late.

The Court finds that Ms. Dountas's opinion is thus chronologically pertinent, and that Ms. Stump had good cause to submit the evidence late, given that it was not in existence at the time of the hearing. *See Padilla*, 525 Fed. Appx. at 713.

**V.     Conclusion**

For the foregoing reasons, the Court finds the Appeals Council erred in denying review of Ms. Stump's evidence because it was new, material, and chronologically pertinent. In addition, because the Court finds this is a harmful error, the Court will not

address Ms. Stump's remaining arguments.

**IT IS THEREFORE ORDERED** that Ms. Stump's *Opposed Motion to Reverse and/or Remand*, (Doc. 15), is **GRANTED.** This case is **REMANDED** for further administrative proceedings before the Appeals Council consistent with this opinion.

**IT IS SO ORDERED**.

_____
THE HONORABLE CARMEN E. GARZA
CHIEF UNITED STATES MAGISTRATE JUDGE